NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1189n.06

No. 11-6233

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 19, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| SHUNTRELL JONES, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendant-Appellant. | ) | TENNESSEE |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Shuntrell Jones appeals the district court's judgment following his guilty plea to conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing with the intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).  His counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

After accepting Jones's guilty plea, the district court determined that Jones's advisory sentencing guidelines range was 210 to 262 months of imprisonment.  The court subsequently sentenced Jones to 210 months in prison.

Jones's appellate counsel has moved to withdraw, stating that he has examined the record and found no non-frivolous grounds to raise on appeal.  Counsel states that the reasonableness of Jones's sentence is a potential issue.  Jones filed a response to counsel's motion to withdraw, arguing

_____

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

that the district court erred by failing to reduce his total offense level under USSG § 3E1.1 for acceptance of responsibility.  Because counsel has filed an acceptable *Anders* brief, the issue raised by Jones is frivolous, and our independent review of the record reveals no arguable issues, we grant the motion to withdraw and affirm the district court's judgment.  *See Anders*, 386 U.S. at 744.

We review de novo the validity of Jones's guilty plea.  *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007).  A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently.  *Brady v. United States*, 397 U.S. 742, 748 (1970)*; Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969).  The record establishes that Jones knowingly and voluntarily entered his guilty plea.  Therefore, the plea is valid.

Our review of the record reveals that Jones's sentence is both procedurally and substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Jones's assertion that the district court erred by failing to reduce his total offense level under § 3E1.1 for acceptance of responsibility is frivolous given that, while on bond, he engaged in a drug transaction involving the attempted sale of cocaine.  *See* USSG § 3E1.1 cmt. n.1(B).  The district court properly calculated Jones's advisory sentencing guidelines range, recognized the advisory nature of the guidelines, gave proper consideration to the relevant 18 U.S.C. § 3553(a) factors, and gave a thorough explanation of its chosen sentence.  *See Gall*, 552 U.S. at 51.

We grant counsel's motion to withdraw and affirm the district court's judgment.